Dismissed and Opinion filed March 27, 2003









Dismissed and Opinion filed March 27, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-00056-CV

____________

 

RICHARD
A. JOHANNSEN, Appellant

 

V.

 

NABORS
INDUSTRIES, INC., NABORS HOLDING CO., NABORS CORPORATE SERVICES, INC., SCOTT
BURDINE, CARL D. KULHANEK, JR., and HAGANS, BOBB & BURDINE, P.C.,
Appellees

 



 

On
Appeal from the 189th District Court

Harris
County, Texas

Trial
Court Cause No. 02-29689

 



 

M
E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed October
21, 2002.  No post-judgment motions
attacking the judgment were filed. 
Appellant=s notice of appeal was filed on January 13, 2003.

The notice of appeal must be filed within thirty days after
the judgment is signed when appellant has not filed a timely motion for new
trial, motion to modify the judgment, motion to reinstate, or request for
findings of fact and conclusion of law.  See
Tex. R. App. P. 26.1








Appellant=s notice of appeal was not filed timely. A motion for
extension of time is necessarily implied when an appellant, acting in good
faith, files a notice of appeal beyond the time allowed by rule 26.1, but
within the fifteen-day grace period provided by Rule 26.3 for filing a motion
for extension of time.  See Verburgt v. Dorner, 959
S.W.2d 615, 617-18 9 (1997) (construing the predecessor to Rule 26).  However, the appellant must offer a
reasonable explanation for failing to file the notice of appeal in a timely
manner.  See Tex. R. App. P. 26.3, 10.5(b)(1)(C); Verburgt, 959
S.W.2d at 617-18.  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3

On February 27, 2003, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Appellant=s response fails to demonstrate that
this Court has jurisdiction to entertain the appeal.  Appellant responded to our notification by
stating that on December 16, 2002, the trial court signed an order granting appellee=s November 12, 2002, motion to approve amount of attorney=s fees and costs.  A motion to approve attorney=s fees is not the type of
post-judgment motion that extends the deadline to perfect an appeal.  Tex. R. App. P. 26.1(a).  Accordingly, we have no jurisdiction over
this appeal. 

The appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed March 27, 2003.

Panel consists of Justices
Anderson, Seymore, and Guzman.